UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY RUSSELL MOORE,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSIE GASTELO,<br><br>    Defendant. | Case No. 20-cv-09285-SI<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

Stanley Russell Moore, an inmate at the California Men's Colony in San Luis Obispo, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

The petition provides the following information: After a bench trial in Marin County Superior Court, Moore was found guilty of attempted murder with use of a firearm, making criminal threats with use of a firearm, and carrying a loaded weapon with intent to commit a felony. Docket No. 1 at 1. On October 1, 2015, he was sentenced to 13 years in prison. *Id.*

He appealed. The California Court of Appeal affirmed the conviction and the California Supreme Court denied his petition for review. Moore also filed unsuccessful petitions for writ of habeas corpus in the state courts. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The federal petition for writ of habeas corpus contains the following federal claims: (1) Moore's Sixth Amendment right to a fair trial was violated because the judge failed to require proof of the elements of the crime of attempted murder, Docket No. 1 at 5, 40; (2) Moore's Sixth Amendment right to a fair trial was violated because the prosecutor engaged in misconduct by misstating facts and demonstrating a personal bias toward Moore, *id.* at 7, 45-50; (3) Moore received ineffective assistance of counsel in violation of his Sixth Amendment rights in that counsel erred in the many ways described in the petition, *id.* at 8, 51-69; Docket No. 1-1 at 1-12; and (4) Moore was denied his Sixth Amendment right to a fair trial because counsel failed to investigate and present newly discovered evidence that would have been helpful to the defense, Docket No. 1 at 10; Docket No. 1-1 at 13-15. Liberally construed, these claims are cognizable in a federal habeas action and warrant a response.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall electronically serve a copy of this order upon respondent and respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing (ECF) system for the Northern District of California. The clerk also shall serve by mail a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **April 30, 2021,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 11, 2021**.

5. Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated:  February 2, 2021

_____
SUSAN ILLSTON
United States District Judge